UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JEFFERY LEE GUILLORY** | **CIVIL ACTION NO. 09-0245** |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **SHERIFF MICHAEL W. NEUSTROM, ET AL.** | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff, Jeffery Lee Guillory, filed the instant civil rights action pursuant to 42 U.S.C. §1983 on February 11, 2009. When he filed this action, plaintiff was a pre-trial detainee housed at the Lafayette Parish Correctional Center (LPCC) awaiting trial on attempted murder and robbery charges. He was subsequently transferred to the East Baton Rouge Parish Prison in Baton Rouge, Louisiana, where he awaits trial on charges in that jurisdiction.

In this civil rights action, plaintiff complains that he was denied access to an adequate law library during the time he was incarcerated at LPCC. He has named Lafayette Parish Sheriff Michael Neustrom, Deputy Beth Lavoi of the Lafayette Parish Sheriff's Office, and LPCC Corrections Officer B. Sinegal. He asks for $30,000 in damages and injunctive relief, namely, access to an "adequate law library system", weekly 1 to 2 hour visits to the law library and "adequate assistance."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the

2

following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted.

## Factual Background

As noted above, when this action was filed, plaintiff was detained at the LPCC awaiting trial on criminal charges.  He has since been transferred to another institution.  In his Original Complaint, plaintiff alleged that he had been detained at the LPCC since his arrest on March 27, 2008, and that he was denied access to the LPCC law library from November 10, 2008 through December 24, 2008.  He further alleged that when he was finally granted access, he was permitted use of the library for only 20 minutes.  Plaintiff claimed that he needed access "to address and litigate criminal and civil matters."  However, he did not specify the nature of the litigation he wanted to pursue. Plaintiff  also complained about the lack of materials, including family law local court rules, and litigation manuals and formularies. He also complained that his grievances concerning access to the law library had gone unanswered.

On July 1, 2009, plaintiff was ordered to amend his complaint to provide more detailed information with respect to his access to courts claim.  More specifically, plaintiff was ordered to "indicate the precise nature of the litigation he seeks to engage in and he should specify how the LPCC Law Library's short-comings have hindered his ability to litigate those claims."  Plaintiff was also ordered to "specify the injury or prejudice suffered as a result of the alleged denial of access to a law library . . . [and] whether or not counsel has been retained, offered or appointed to represent him on any  pending criminal charges." [rec. doc. 11].

On September 10, 2009,  plaintiff responded to the Court's order. [rec. doc. 14].  In his Amended Complaint, plaintiff alleges that he was arrested and charged with robbery that was

3

alleged to have occurred on December 29, 2007 in Lafayette. According to plaintiff, sometime after the robbery, he was developed as a suspect when he used the victim's bank card to obtain funds from an Automatic Teller Machine in Baton Rouge. His photograph, taken at the ATM, was allegedly shown to the victim, and she positively identified plaintiff as her assailant. She subsequently identified him again in a six person photographic line up. Plaintiff contends that the identification procedure employed in his criminal case was overly suggestive and that his subsequent arrest was therefore unlawful.

Plaintiff alleges that he is represented by appointed counsel. However, despite plaintiff's requests, his counsel has refused to file a Motion to Suppress the victim's identification. Plaintiff therefore drafted a *pro se* Motion to Suppress, with the help of another inmate. The Motion, which is attached as an exhibit to the Amended Complaint, was denied by the trial judge on May 7, 2009 because plaintiff is represented by counsel. Accordingly, the trial judge refused to consider the Motion, instead stating that plaintiff "should consult with his attorney Randall McCann." Review of the Motion filed by plaintiff reveals that it contains numerous relevant citations to United States Supreme Court decisions, as well as decisions of the Louisiana state courts supporting suppression. Plaintiff nevertheless continues to fault the LPCC staff and the prison law library, complaining that the alleged inadequacies in the library ans assistance rendered therein hindered his ability to present his claim.

Plaintiff further asserts that he has "suffered great pre-trial injury as a result of the Public Defenders Office . . . . The case would have long ended with the proper filings and litigations. Instead the case was prolonged by a series of rejections, denials and unethical misconducts, this is most likely the reason for my incarceration today. Had the case run its normal course, the

litigation would have long ended without me having to file 42 U.S.C. §1983." [rec. doc. 14, pp. 7-8]. Thus, plaintiff apparently maintains that he has been prejudiced because had his Motion to Suppress been favorably considered by the trial judge, it would have resulted in dismissal of all charges pending in both Lafayette and Baton Rouge.

**Law and Analysis**

**I. Screening**

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

Plaintiff has set forth specific facts which he claims entitles him to relief; he has been granted an opportunity to file an Amended Complaint and he has pleaded his best case. The

facts alleged by plaintiff have been accepted as true for the purposes of this Report. Nevertheless, plaintiff's claim is subject to dismissal for the reasons that follow.

**II. Access to Courts**

"It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999); *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id. citing Lewis*, 518 U.S. at 351. Stated differently, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). Plaintiff has not shown how his ability to prepare and transmit legal documents has in any way been inhibited. To the contrary, plaintiff was able, and did in fact, prepare and file the desired Motion to Suppress his identification with the Louisiana Fifteenth Judicial District Court. Moreover, review of the Motion reveals that, despite the plaintiff's alleged inadequacies in the prison law library, plaintiff was able to, and did in fact, cite relevant legal authority in support of the Motion. That is all that is required by the Constitution.

Moreover, the record clearly demonstrates that plaintiff has been represented by court-appointed counsel in the Lafayette Parish criminal proceedings, first by Burton Guidry, and

6

currently by Randall McCann. Under established law, the appointment of counsel (or even the offer to appoint counsel) satisfies a prisoner's right of access to the courts. *See Degrate v. Godwin*, 84 F.3d 768 (5th Cir. 1996). A prisoner has no constitutional right to access a law library to prepare a *pro se* defense of his criminal trial. *Id.*

It is equally clear in this case that the trial judge did not entertain plaintiff's *pro se* Motion to Suppress, not because of any inadequacies in either the prison law library, the legal assistance provided by the LPCC or the Motion filed by petitioner. The Motion was denied by the trial judge because petitioner is represented by counsel. While plaintiff complains that his court-appointed attorney is rendering ineffective assistance by failing to file a Motion to Suppress on plaintiff's behalf, which presumably would be favorably considered by the trial court, that alleged deficiency cannot fairly be attributed to the named defendants – Sheriff Neustrom and his deputies, Beth Lavoi and B. Sinegal.[1] Thus, the plaintiff has not demonstrated that he suffered an "actual injury" in some identified non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. *Lewis*, 518 U.S. at 349-352*; Christopher v. Harbury,* 536 U.S. 403, 415-416 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002); *Ruiz v. United States*,

---

[1]Additionally, to the extent that plaintiff would seek to amend his complaint to name his court appointed attorney as a defendant, his claim would fare no better. To prevail on a civil rights claim an inmate must prove that he was deprived, under color of law, of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir.1995). Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion).
   Private attorneys, including public defenders, are not state actors within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981); *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995); *Mills v. Criminal District #3*, 837 F.2d 677 (5th Cir. 1988); *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972), *cert. denied* 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed. 2d 691 (1973). Thus, they are generally not subject to suit under Section 1983.

7

160 F.3d 273, 275 (5th Cir. 1998); *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). This failure is fatal to petitioner's claim.

For the above reasons, **IT IS RECOMMENDED** that this civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state claims for which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on November 16, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)